UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLIFTON CLINTON WILLIAMS IV,

                Plaintiff,

           v.

B.R.C. OF NEW YORK, CHIEF EXECUTIVE ADM., HOMELESS SERVICES OF NEW YORK, , and HUMAN RESOURCE AGENCY,

                Defendants.

**MEMORANDUM AND ORDER**
25-CV-00663 (HG) (CLP)

**HECTOR GONZALEZ**, United States District Judge:

On July 26, 2024, Plaintiff Clifton Clinton Williams IV, currently incarcerated on Rikers Island in the North Infirmary Command, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. ECF No. 1 (Complaint). On February 6, 2025, the action was transferred to this Court. ECF No. 6 (Transfer Order). Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below, the complaint is dismissed.

## BACKGROUND

Plaintiff brings this action against the Chief Executive Administrator of the "BRC of New York,"[1] "Homeless Services of New York," and the "Human Resource Agency."[2] He

---

[1] The Court presumes that BRC is a reference to the Bowery Residents' Committee, a non-profit social services organization that provides "housing and treatment services to homeless adults." *See* BRC, What we Do, https://www.brc.org/what-we-do (last visited Feb. 10, 2025).

[2] The Court presumes that Plaintiff's reference to "Homeless Services of New York" is a reference to the New York City Department of Homeless Services ("DHS") and that Plaintiff's reference to "Human Resource Agency" is a reference to the New York City Human Resources Administration ("HRA").

alleges that his property "had been removed without notice" from his shelter residence at 146 Clay Street in Brooklyn, which is operated by "BRC." ECF No. 1 at 4.[3] He also alleges that "the staff at BRC . . . forced [him] to leave," based on allegedly false accusations from a non-party individual, who allegedly said that he had stolen property at another shelter. *Id.* at 4–5. He further claims he was harassed and arrested based on this individual's false information. *Id.* He seeks unspecified damages and "criminal inquiries." *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

---

[3] The Court cites to pages assigned by the Electronic Case Files System ("ECF").

[4] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphasis, footnotes and citations are omitted.

Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, pursuant to the IFP statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)–(iii).

## DISCUSSION

### I. Private Parties are Not Liable under Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under Section 1983, "[t]he conduct at issue must have been committed by a person acting under color of state law and must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). A private entity does not become a state actor merely because it (i) performs under a state contract, (ii) accepts state or federal funds, or (iii) is subject to state regulation. *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding,

3

licensing, or regulation by the government."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

Defendant BRC is a non-profit social services organization that operates several homeless shelters in New York City and, as such, is not a state actor for purpose of Section 1983 liability. The Second Circuit has held that BRC is not a state actor even under the Supreme Court's test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995), because the state of New York did not create the BRC by special law. *See Azkour v. Bowery Residents' Committee*, 646 F. App'x 40, 41 (2d Cir. 2016). Moreover, it is clear that "[t]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Village Myrtle Ave. Men's Shelter*, No. 18-cv-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020); *see also Cora v. Shelter*, No. 24-cv-328, 2024 WL 308248, at *3 (E.D.N.Y. Jan. 26, 2024) (citing cases and dismissing *pro se* complaint against Westhab homeless shelter); *Chavez v. DeFalco*, No. 21-cv-6293, 2022 WL 6162512, at *2 (E.D.N.Y. Oct. 7. 2022) (dismissing *pro se* complaint against employee at Renaissance Men's Shelter). Therefore, Plaintiff's claims against BRC and the Chief Executive Administrator of the BRC are dismissed for failure to state a claim under Section 1983. Because amendment of Plaintiff's claims against the BRC Defendants would be futile, the Court denies leave to amend any claims against the entity and the Chief Executive Administrator. *See, e.g.*, *Azkour*, 646 F.

App'x at 41 (affirming denial of leave to amend in an action against the BRC because there was no "indication that [plaintiff] could remedy this deficiency by repleading").

## II.　　New York Agencies Cannot be Sued

Plaintiff also appears to name two New York agencies, the DHS and the HRA, as additional Defendants in this case. Plaintiff's claims against these entities must be dismissed because agencies of the City of New York cannot be sued. N.Y. City Charter ch. 17 § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The Court therefore dismisses these defendants because Plaintiff cannot state a claim against them. *See Wellington v. City of New York*, No. 24-cv-8743, 2025 WL 41950, at *1 (S.D.N.Y. Jan. 7, 2025) (dismissing claims against HRA); *see also Cincotta v. NYC Human Resources Admin.*, No. 00-cv-9064, 2001 WL 897176, at *10 (S.D.N.Y. Aug. 9, 2001) (HRA not a suable entity).

Despite Plaintiff not having done so, in light of Plaintiff's *pro se* status, the Court liberally construes his claims to be brought against the City of New York. "When a plaintiff sues a municipality such as the City of New York under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights." *Jean v. HRA*, No. 24-cv-5401, 2024 WL 5090527, at *2 (S.D.N.Y. Dec. 11, 2024). Plaintiff may be able to state a claim against the City of New York in two ways. First, Plaintiff may allege (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Montero v.*

*City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (municipalities may be liable under Section 1983 where "municipality allegedly implemented an unconstitutional custom or policy"). Alternatively, Plaintiff may allege an individual government actor was personally involved in violating his rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Because leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), and because Plaintiff may be able to allege additional facts to state a valid claim against the City of New York, the Court grants Plaintiff leave to amend his complaint to detail his claims. Plaintiff shall do so on or before March 13, 2025. The Court informs Plaintiff that if he chooses to amend his complaint, any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must plead a plausible claim consistent with this Order. Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint. Moreover, any amended complaint Plaintiff chooses to file must be captioned "Amended Complaint" and bear the same docket number as this Order. If Plaintiff does not file an amended complaint on or before March 13, 2025, the Court will direct the Clerk of Court to issue judgment and close this case.

## **CONCLUSION**

For the reasons set forth above, the Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii). Plaintiff is granted leave to amend his complaint as it pertains to the claims liberally construed to be against the City of New

York.  Any amended complaint Plaintiff chooses to file must be captioned "Amended Complaint" and bear the same docket number as this Order.  If Plaintiff does not file an amended complaint on or before March 13, 2025, the Court will direct the Clerk of Court to issue judgment and close this case.

 The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

                                                          */s/ Hector Gonzalez*
                                                           HECTOR GONZALEZ
                                                           United States District Judge

Dated: Brooklyn, New York
        February 10, 2025